UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KNIGHT SPECIALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:24-cv-342 |
| QUALITY DRYWALL & SERVICE, LTD, | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Plaintiff Knight Specialty Insurance Company ("Knight"), and files its original complaint for declaratory judgment against Defendant Quality Drywall & Service, LTD ("QDS"), pursuant to 28 U.S.C. Section 2201, *et seq.*, and Federal Rule of Civil Procedure 57, and would show the following:

**THE PARTIES**

1.      Knight is a domestic insurance company organized and existing under the laws of the State of California, with its corporate office and principal place of business located at 4751 Wilshire Boulevard, Suite 111, Los Angeles, California 90010.

2.      QDS is a domestic corporation, organized and existing under the laws of the State of Texas with its principal place of business located at 15255 Gulf Freeway, Suite 112G, Houston, Texas 77034, and may be served at its registered agent Karl J. Van Eps at 15255 Gulf Freeway, Suite 112G, Houston, Texas 77034 or wherever he may be found.

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**                          **-Page 1**

**VENUE AND JURISDICTION**

3.      Venue for this matter is proper in the Southern District of Texas, pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claim occurred in Galveston County, Texas.  The Court has jurisdiction as complete diversity exists between Knight and QDS, and the amount in controversy exceeds $75,000.

**NATURE OF THIS ACTION**

4.      This is a declaratory judgment action initiated by Knight to determine its contractual rights, duties, and obligations (namely, its duty to defend and indemnify) under an insurance policy as it may pertain to an underlying personal injury action initiated by Plaintiffs Cynthia Espendola, Denis Zuniga, and Daniela Zuniga (collectively, the "Underlying Plaintiffs") as cause number 24-CV-1048, styled *Cynthia Espendola, Denis Zuniga, and Daniela Zuniga Survivors of Maria Leonor Rios, Deceased v. KB Home Lone Star, Inc. and Carlos Heriberto Lara Balcazar*, and pending in the 56th Judicial District Court of Galveston County, Texas (the "Underlying Action").  The Plaintiff's First Amended Petition filed in the Underlying Action (which is the current "live" pleading on file) was filed on November 8, 2024.  A true and correct copy of the live pleading on file in the Underlying Action is attached as Exhibit A.

**FACTUAL BACKGROUND**

5.      QDS is a defendant in the Underlying Action in which the Underlying Plaintiffs seek monetary damages for QDS's purportedly negligent acts.  More specifically, the Underlying Action arises from the alleged murder of Maria Leonor Rios ("Rios") by and at the hands of Carlos Heriberto Lara Balcazar ("Balcazar") at a construction site belonging to and controlled by KB Home Lone Star, Inc. ("KB Home") in La Marque, Galveston County, Texas on January 31, 2023 (the "Incident").  The essence of the Underlying Action (as to QDS) is that QDS is vicariously

liable for Balcazar's homicidal actions (QDS's alleged employee acting in the course and scope of his employment) and was negligent in hiring and supervising Balcazar at the time of the Incident.

6.     The Underlying Action contains the following pertinent factual allegations and causes of actions:

### FACTS

11.     This lawsuit results from an incident that occurred in Galveston County, Texas.  On January 31, 2023, [Rios] was contracted by [KB Home] to clean homes in the KB Home Sunset Grove Subdivision.   [Rios] owned Adrians Commercial & Residential Services, LLC, and had her own employees. [Rios] had contact with one of her employees around 11 am.  That evening [Rios] was found murdered in one of the homes she was contracted to clean under [KB Home].  La Marque Police Department investigated and soon after [Balcazar,] believed to have been an employee of [QDS], working at one of the properties at [KB Home], was officially charged with murder on February 4, 2023.

### NEGLIGENCE CLAIM AGAINST KB HOME LONE STAR, INC. AND QUALITY DRYWALL & SERVICE, LTD

12.     Defendant[s], committed acts of omission and/or commission which, collectively and severally, constitute negligence. [KB Home's] and [QDS's] negligent acts include, but are not limited to, failing to provide a safe workplace.

13.     At the time of the incident in question, [Balcazar] was acting within the course and scope of his employment with [QDS] and [KB Home].  Under the doctrine of *Respondent Superior*, [QDS] and [KB Home are] jointly and severally liable for all acts of [Balcazar's] negligence.

14.     The tort of negligent hiring and supervision exists when the following elements arise: (1) the employer owed a legal duty to protect the employee's actions and (2) the third party's sustained damages were proximately caused by the employer's breach of that duty.  *Bedford v. Moore*, 66 S.W.3d 454, 463 (Tex. App.—Fort Worth 2005, no pet.); *Rosell v. Cent. W. Motor States, Inc.*, 89 S.W.3d 643, 6455 (Tex. App.—Dallas 2002, pet. denied).

15.    Plaintiffs would show that [QDS'] and [KB Home] failed to use ordinary care in these respects, including but not limited to, one or more of the following ways:

    a.    Failing to properly supervise personnel;

    b.    Failing to train employees in proper safety procedures; and

    c.    Failing to preform *[sic]* a background check on employees.

16.    Further, [QDS] and [KB Home] intentionally, knowingly, recklessly, and with total disregard for the safety of others, including [Rios], conducted its business without proper knowledge of, and failed to comply with, the applicable federal and state employment regulations.

17.    These conditions created an environment in which the incident that occurred was likely and reasonably foreseeable to occur, and which did in fact occur as described herein, which proximately caused the incident in question, the injury and death of [Rios], and Plaintiff's resulting damages.

## GROSS NEGLIGENCE

17.    Defendants' actions were grossly negligent, in that, when viewed objectively from Defendants' standpoint at the time of the Incident, the conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants acted with malice and/or conscious disregard for human safety. Defendants' acts and omissions were committed with complete and reckless disregard for, and with willful, wanton and actual conscious indifference to the rights, safety, and welfare of others, including Plaintiff. Such conduct was reckless and/or done with an intentional state of mind. Such gross negligence was a proximate cause of the Incident and Plaintiff's resulting damages. Thus, Plaintiff is entitled to punitive and/or exemplary damages.

7.    The Underlying Action seeks monetary relief of over $1,000,000 (citing Tex. R. Civ. P. 47(c)(4)).

## THE POLICY

8.      Knight issued commercial general liability policy number OMKS00116-00 to QDS, effective September 28, 2022, through September 28, 2023 (the "Policy"). KB Home and QDS entered into a Master Subcontract in or about February 2022. KB Home has asserted it is entitled to additional insured status under the Policy.

9.      Coverage A of the Policy provides liability coverage for "bodily injury" and "property damage" caused by an "occurrence" for which the insured becomes legally liable. More specifically, the Policy's insuring agreement provides:

### COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

10.     The Policy also contains the following relevant exclusions by endorsement:

### TEXAS ABUSE OR MOLESTATION EXCLUSION

The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage" or "personal injury and advertising injury" arising out of:

1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

2. The negligent:

   a. Employment;
   b. Investigation;
   c. Supervision;
   d. Reporting to the proper authorities, or failure to so report; or
   e. Retention;

   of any person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1.** Above.

For the purposes of this endorsement, abuse means an act which is committed with the intent to cause harm.

*      *      *

### EXCLUSION – ASSAULT AND/OR BATTERY

This Insurance does not apply to:

A. Any claims arising out of Assault and/or Battery; or
B. Any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of you, your employees or volunteers, patrons or any other persons; or
C. Claims, accusations or charges of negligent hiring, placement, training or supervision arising from any of the foregoing are not covered.

We shall have no duty to defend you, or any other insured, for any such loss, claim or suit.

*      *      *

### ABUSE OR MOLESTATION EXCLUSION

The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage" or "personal injury and advertising injury" arising out of:

1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
2. The negligent:

   a. Employment;
   b. Investigation;
   c. Supervision;
   d. Reporting to the proper authorities, or failure to so report; or
   e. Retention;

   of any person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1.** above.

11. Additionally, the Policy contains the following additional insured endorsement:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS FOR OTHER PARTIES WHEN REQUIRED IN WRITTEN CONSTRUCTION AGREEMENT**

**A.** **Section – II – Who Is An Insured** is amended to include as an additional insured:

   **1.** Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy; and
   **2.** Any other person or organization you are required to add as an additional insured under the contract or agreement described in Paragraph **1.** Above.

   Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

   **a.** Your acts or omissions; or
   **b.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured described in Paragraph **1.** or **2.** above.

However, the insurance afforded to such additional insured described above:

**a.** Only applies to the extent permitted by law; and

**b.** Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for the person or organization described in Paragraph **1.** above are completed.

12. Knight seeks a declaration that the Policy excludes any and all coverage for the Incident and the Underlying Acton – based on the Policy's Assault and Battery Exclusion and the Abuse or Molestation Exclusion – and, therefore, Knight has no duty to defend or indemnify QDS as to same.

13. The basis for Knight's request for declaratory judgment includes the following grounds:

*(1)    Assault and Battery Exclusion Negates Coverage*

14. The Underlying Action and its allegations against QDS are predicated on the alleged murder of Rios by Balcazar, QDS's putative employee.  In turn, the Policy's Assault and Battery Exclusion precludes coverage (*i.e.*, any duty to defend or indemnify) for bodily injuries arising out of an assault or battery by any person, or any claim of negligent hiring, placement, training, or supervision arising from any such assault or battery.  This type of exclusion is applicable to bar coverage as to claims allegedly arising out of a murder.  *See, e.g., Dewey Bellows Operating Co., Ltd. v. Admiral Ins. Co.,* No. CIV.A. V-14-042, 2014 WL 6388434, at \*2 (S.D. Tex. Nov. 14, 2014); *Preferred Nat. Ins. Co. v. Docusource, Inc.,* 149 N.H. 759, 829 A.2d 1068

(2003); *Winnacunnet Co-op. Sch. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 84 F.3d 32 (1st Cir. 1996); *Williams v. Andrus,* 2011-239 La. App. 3 Cir. 10/5/11, 1, 74 So. 3d 818, 819, writ denied, 2011-2464 La. 1/20/12, 78 So. 3d 144; *Mallar v. Penn-Am. Ins. Co.,* 2003 ME 143, ¶ 1, 837 A.2d 133. Based on the Policy's Assault and Battery exclusion, Knight has no duty to defend or indemnify QDS in or as to the Underlying Action or the Incident.

*(2)　　Abuse or Molestation Exclusion Negates Coverage*

15. The Policy's Abuse or Molestation Exclusion precludes any duty to defend or indemnify for bodily injuries arising from actual abuse or molestation of any person by anyone while in the care, custody, or control of any insured, or due to the negligent employment, investigation, supervision, or retention of any person for whom any insured is (or ever was) legally responsible. The alleged murder of Rios by Balcazar also falls within the scope of abuse or molestation. Therefore, the Policy's Abuse or Molestation Exclusion precludes any duty on the part of Knight to defend or indemnify QDS for the allegations in or as to the Underlying Action or as to the Incident.

## CAUSE OF ACTION FOR DECLARATORY JUDGMENT

16. There is an unresolved controversy between the parties regarding whether the Policy applies to provide liability coverage (*i.e.,* a duty to defend or indemnify) for the damages asserted in the Underlying Action. Pursuant to Section 22.001 of Title 28 of United States Code and Federal Rule of Civil Procedure 57, Knight seeks a declaration from this Court that it has no duty to defend or indemnify QDS under the Policy in connection with the Underlying Action or the Incident for the reasons stated above.

**WHEREFORE, PREMISES CONSIDERED**, Knight prays that Defendant Quality Drywall & Service, LTD be served with citation to appear and answer herein, and that upon final trial hereof, judgment will be rendered declaring that:

a.  Plaintiff Knight Specialty Insurance Company has no duty to defend Defendant Quality Drywall & Service, LTD in or as to Cause Number 24-CV-1048, styled *Cynthia Espendola, Denis Zuniga, and Daniela Zuniga Survivors of Maria Leonor Rios, Deceased v. KB Home Lone Star, Inc. and Carlos Heriberto Lara Balcazar*, and pending in the 56th Judicial District Court of Galveston County, Texas;

b.  Plaintiff Knight Specialty Insurance Company has no duty to indemnify Defendant Quality Drywall & Service, LTD in or as to Cause Number 24-CV-1048, styled *Cynthia Espendola, Denis Zuniga, and Daniela Zuniga Survivors of Maria Leonor Rios, Deceased v. KB Home Lone Star, Inc. and Carlos Heriberto Lara Balcazar*, and pending in the 56th Judicial District Court of Galveston County, Texas;

c.  Plaintiff Knight Specialty Insurance Company has no duty or contractual obligation to pay or satisfy any judgment or settlement resulting from or pertaining to Cause Number 24-CV-1048, styled *Cynthia Espendola, Denis Zuniga, and Daniela Zuniga Survivors of Maria Leonor Rios, Deceased v. KB Home Lone Star, Inc. and Carlos Heriberto Lara Balcazar*, and pending in the 56th Judicial District Court of Galveston County, Texas; and

d.  Plaintiff Knight Specialty Insurance Company has such other and further relief to which it is entitled or will ever pray.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**


 */s/ Gregory R. Ave*
**GREGORY R. AVE**
State Bar Number 01448900
AveEdocsNotifications@wbclawfirm.com
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
Telephone Number (214) 204-2100
Facsimile Number (214) 204-2101

ATTORNEY FOR PLAINTIFF KNIGHT
SPECIALTY INSURANCE COMPANY